OPINION
{¶ 1} Defendant-appellant Frederick Perdue appeals from his conviction and sentence, following a guilty plea, upon one count of Tampering with Records, in violation of R.C. 2913.42(A)(1), a felony of the third degree. In exchange for Perdue's guilty plea, the State agreed not to take another charge against Perdue to a grand jury.
 {¶ 2} Perdue was sentenced to imprisonment for one year, the minimum term of imprisonment for this offense. The sentence imposed was ordered to be served concurrently with another sentence imposed in another case.
 {¶ 3} Perdue's appellate counsel has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, wherein counsel has indicated an inability to find any potential assignments of error having arguable merit. By entry filed herein on April 21, 2004, we advised Perdue of the fact that his counsel had filed anAnders brief, and granted him sixty days within which to file his own, pro se brief. He has not done so.
 {¶ 4} Pursuant to Anders v. California, supra, we have performed our duty to review the record independently, to see if there are any potential assignments of error having arguable merit. We agree with Perdue's appellate counsel that there are no potential assignments of error having arguable merit.
 {¶ 5} In his brief, counsel has referred to one potential assignment of error, based upon the contention that the trial court failed to ascertain that Perdue understood the nature of the charge, as required by Crim.R. 11(C)(2)(a). We agree with Perdue's appellate counsel that, upon considering this potential assignment of error specifically, it has no arguable merit. Perdue signed a written entry, in connection with the tendering of his plea, in which he indicated that he was pleading guilty to the offense of "Tampering with Records (Government Records) 2913.42(A)(1) F-3." Immediately following this reference in the printed entry form that Perdue signed, appears the words: "I understand the nature of the(se) charge(s)."
 {¶ 6} At the plea hearing, the trial judge had the prosecutor recite the charge against Perdue, as follows:
 {¶ 7} "That on or about November 30th, 2000, Montgomery County, State of Ohio, this Defendant, Frederick Perdue, did knowingly — did knowing the person has no privilege to do so and with purpose to defraud or knowing that the person is facilitating a fraud, did falsify, destroy, remove, conceal, alter, deface or mutilate any writing, computer software, data, or record, that being a State of Ohio identification card, having been kept or belonging to a state, federal or local government agent."
 {¶ 8} Following this recitation, the trial court had the following colloquy with Perdue:
 {¶ 9} "THE COURT: Mr. Perdue, did you understand — I'm sure Mr. Roberts understood it because it's pretty much the legalese of the statute, but you understand it's basically a fake Ohio ID card, is the basis for the tampering charge? Do you understand that?
 {¶ 10} "THE DEFENDANT: Yes, ma'am."
 {¶ 11} It should be noted that during the plea hearing, Perdue was represented by experienced defense counsel.
 {¶ 12} We conclude that the record clearly reflects that the trial court determined, before accepting Perdue's plea, that he understood the nature of the charge to which he was pleading guilty, and that the record clearly supports the trial court's determination. Therefore, we agree with Perdue's appellate counsel's conclusion that an assignment of error to the effect that the trial court accepted the plea without first determining that Perdue understood the nature of the charge against him, in violation of Crim.R. 11(C)(2)(a), has no arguable merit.
 {¶ 13} In conclusion, based upon our review of the entire record, we conclude that there are no potential assignments of error having arguable merit, and that Perdue's appeal is wholly frivolous.
 {¶ 14} Accordingly, the judgment of the trial court is Affirmed.
Brogan and Grady, JJ., concur.